**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3517-WJM-KLM

AVEX, LLC,

    Plaintiff,

v.

ESSENTIAL, INC.,

    Defendant.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO
ALLEGE SUFFICIENT FACTS TO SHOW DIVERSITY**

---

On December 31, 2013, Plaintiff Avex, LLC filed the instant action against Defendant Essential, Inc., alleging that Essential's failure to deliver a working prototype was a breach of contract. (Complaint (ECF No. 1) pp 9-10.)

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Complaint here alleges that the Court has jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332(a). (Compl. ¶ 5.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The allegations in the Complaint appear to satisfy the amount in controversy requirement, but they fail to adequately address the diversity of the parties.

The Complaint alleges that Plaintiff is a Colorado limited liability corporation whose primary place of business is in Colorado.  (*Id.* ¶ 3.)  The Complaint states that Plaintiff's members are citizens of Colorado, California, and Arizona, and that no member is a citizen of Massachusetts.  (*Id.*)  It also provides that Defendant is a Massachusetts corporation with its principal place of business in Massachusetts.  (*Id.* ¶ 4.)

The party invoking federal jurisdiction—here, the Plaintiff—bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The Court finds that the regarding the citizenship of the parties—particularly the Plaintiff LLC—are not sufficient to meet Plaintiff's burden of establishing complete diversity.  Where a party is a legal entity such as an LLC or a partnership, the Court must consider the citizenship of all members of that entity, as well as the citizenship of any component members of those member entities.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The Complaint here lists only the citizenship of Plaintiff's members, it contains no information about the nature of Plaintiff's members, *i.e.*, whether they are natural persons or legal entities.  To the extent any of these members are themselves LLCs or other legal entities, the Court must consider the citizenship of each entities' members.  Absent such information, the Court cannot assure itself that there is complete diversity between the parties, and this case cannot

proceed.  *Cunningham*, 427 F.3d at 1245.

Because Plaintiff has failed to meet its burden of establishing that the Court has jurisdiction over this action, the Court ORDERS that this case is DISMISSED WITHOUT PREJUDICE.[1]  The Clerk shall close the case.

Dated this 2nd day of January, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] It appears that the parties were actively performing on the contract in late 2012 and early 2013.  (Compl. ¶¶ 34-44.)  Given Colorado's three-year statute of limitations for a breach of contract claim, *see* Colo. Rev. Stat. § 13-80-101(1)(a), the Court's dismissal of this action without prejudice will not bar Plaintiff from re-filing this action.  *See Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) (when dismissing case without prejudice, a district court must consider whether the statute of limitations would bar re-filing of the action and therefore defeat the litigant's right to access the courts).